O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAROL FAYE TEITELBAUM,                )        CASE NO. CV 10-07167 RZ
                                      )
                   Plaintiff,         )
                                      )        MEMORANDUM OPINION
         vs.                          )        AND ORDER
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
                   Defendant.         )
_____)

        After Plaintiff Carol Faye Teitelbaum underwent a hysterectomy in 2007, she
progressively developed, she says, an acute sensitivity to her environment.  She claims to
suffer pain from being around electricity and chemicals, and this condition, she asserts, has
made her unable to act as a court reporter as she used to do, or in fact to do any regular job.
Her friends and family have told her she is nuts, and they recommended that she see a
psychiatrist.  A psychologist found that she was depressed as a result of her condition.  [AR
297]  Having no other avenue to pursue, she filed for disability under the Social Security
system; the Administrative Law Judge denied her claim.

        The Administrative Law Judge found that the only impairment she had was
depression, not otherwise specified, with anxiety features.  [AR 16]  He stated that
Plaintiff's testimony alone could not establish a severe impairment, and that there was little
objective evidence of her claimed impairment of multiple chemical sensitivity. [AR 19]

He discredited the doctor who made such a diagnosis [AR 20], and, relying on testimony from the vocational expert, he found that, while Plaintiff no longer could function as a court reporter, she could either mark items for sale at a department store or make sandwiches in a restaurant.  [AR 21]  Hence, he concluded, she was not disabled.

In this Court, Plaintiff raises a number of errors, centered around Plaintiff's assertion that she has become unusually sensitive to electricity and chemicals.  The diagnosis of a multiple chemical sensitivity is a tricky one, because it is, by its very nature, idiosyncratic and difficult to assess objectively.  Still, it is a known diagnosis, having an associated insurance and diagnostic code, and is referenced in several cases. *See, e.g., Wall v. Astrue*, 2010 WL 2757514 (C.D. Cal. 2010); *Owen v. Astrue*, 2011 WL 588048 (N.D. Tex. 2011); and *Brandenburg v. Astrue*, 2010 WL 2621254 (S.D. Oh. 2010). Sometimes it is likened to chronic fatigue syndrome for its mysteriousness and elusiveness.  The problem for the Social Security system is how to fit it into the normal sequential evaluation, mindful in particular of Congress' command that disability cannot be established solely on the basis of an individual's statement as to pain or other symptoms. 42 U.S.C. § 423(d)(5)(A).

A decision of the Administrative Law Judge is to be affirmed if it is backed by substantial evidence and free of legal errors. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  Under the law of this circuit, and most circuits, an Administrative Law Judge must give deference to the opinions of treating physicians, and even sometimes give controlling weight to those opinions. *Holohan v. Massanari*, 246 F.3d 1195, 1201-1203 (9th Cir. 2001).  The opinions of consulting physicians also deserve respect, but they do not rank as high on the hierarchy as do those of treating physicians. *Id.*

At Step Two of the Sequential Evaluation, an administrative law judge must determine if the claimant has a severe impairment.  The regulations do not define a "severe" impairment.  Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  The basic work activities are "the abilities and aptitudes necessary

to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gate-keeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-2. The minimal nature of this requirement, according to the Commissioner's internal procedures is stated quite directly:

> The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85-28 (1985). Step two, then, is a "de minimis screening device [used] to dispose of groundless claims," *Smolen,* 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28."

*Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions. When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record. *Smolen v. Chater, supra,* 80 F.3d at 1289-90.

The Administrative Law Judge here did not find that Plaintiff had a severe impairment based on multiple chemical syndrome. This is curious, because he found that Plaintiff was depressed, but the evidence of her depression came from a psychologist, who found that she was depressed because of her medical condition of being overly sensitive to her environment. [AR 297] At the same time, however, the psychologist gave no indication that Plaintiff was in any way irrational in feeling such depression as a result of her condition.

The Administrative Law Judge stated that an impairment cannot be found on the basis of a claimant's say-so [AR 19], and in this Court the Commissioner reiterates that the statute prohibits the finding of an impairment based solely on the subjective complaints of a claimant. 42 U.S.C. § 423(d)(5)(A). While this is true, the Administrative Law Judge committed the same mistake the Courts have found when chronic fatigue syndrome is involved: "The ALJ erred by 'effectively requir[ing]"objective" evidence for a disease that eludes such measurement.'" *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004), *citing Green Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003). While there was not evidence here that could be measured in the way that blood pressure can be measured, there was, in fact, not only the testimony of the claimant, but two other kinds of evidence as well: the treating physicians' assessments, and the testimony of third-party lay witnesses.

As for the treating physicians, "[d]isability may be proved by medically-acceptable clinical diagnoses, as well as by objective laboratory findings." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). In light of this law, the discrediting of the treating physician's assessments, at least insofar as the presence of a severe impairment was concerned, was not sufficient. The Administrative Law Judge discredited treating physician Dr. Bernhoft for two reasons. First, he said that she had not been specific in describing things to which Plaintiff was sensitive. [AR 20] This was not correct; Dr. Bernhoft identified at least chemicals, scents, molds, electrical stimuli and fluorescent lights as stimuli to which Plaintiff was unusually sensitive. [AR 168] Second, the Administrative Law Judge thought it inconsistent for the physician to have opined that, as

a result of Plaintiff's hypersensitivity to her environment, Plaintiff would be precluded from traveling in cars, whereas Plaintiff regularly drove.  [AR 20]  Plaintiff's driving capabilities, however, were not explored in any nuanced way; for example, she never was asked whether, even though she could drive, it was *difficult* to drive; or whether there was any progression to sensitivity to being in a car, as there had been with sensitivity to other situations; she did, however, testify that it *was* difficult to be in traffic with the attendant exhaust and fumes.  [AR 29]  Thus, even though Plaintiff could and did drive, it is not clear, therefore, that the inconsistency the Administrative Law Judge fastened on was much of an inconsistency, and if it was, it was blown out of proportion, and not a sufficient basis for discrediting the physician.

Dr. Heuser also rendered an opinion that Plaintiff suffered from this syndrome.  [AR 348]  The Administrative Law Judge did not discuss this opinion.

In this Court, the Commissioner asserts that, despite the opinion of Dr. Bernhoft, substantial evidence in the form of opinions from two consultants, Dr. Siciariz and Dr. Portnoff, back the decision by the Administrative Law Judge. Dr. Portnoff gave an opinion on Plaintiff's mental capacity, explicitly excluding any impact from multiple chemical sensitivity.  [AR 297-98]  For his part Dr. Siciariz did say that "from an internal medicine perspective" Plaintiff had no functional limitations [AR 303] However, Dr. Siciariz did not assess whether Plaintiff suffered from multiple chemical sensitivity — which may or may not fall within an "internal medicine perspective" — nor, apparently, did he review any of her records.

The reason that the opinion of a treating physician is given preference over that of an examining physician is that the treating physician has a more extended and comprehensive understanding of the patient, based on the treating physician's longitudinal relationship with the patient. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). That preference makes a lot of sense here when the examining physician who consulted for Defendant performed a one-time typical physical examination.  The consultant was not an expert in the kind of impairment that Plaintiff claimed, but instead was a doctor of internal

medicine.  Given the elusive nature of multiple chemical sensitivity — which nevertheless can be real — it was error to give preference to the findings of the physical over the opinions of those who had treated the Plaintiff.

The other source of evidence was the reports of two third parties.  The first was Marcia McCourt.  The Administrative Law Judge discredited her, saying:

> Marcia McCourt completed a third party function report on the claimant's behalf, which is partially credible.  She states that the claimant is not the outgoing person that she used to be, and appropriate opinion based on her relationship with the claimant.  However, although unable to describe specific symptoms, she also stated that the claimant was sensitive to light and electricity, and this statement is given little weight.

[AR 19]  The Administrative Law Judge did not give a citation to a particular exhibit containing this report.  In this Court, Plaintiff assails the Administrative Law Judge's assessment, and Defendant defends it, but neither party cites to the report in the Administrative Record.  Nor has the Court been able to locate the report in the Administrative Record.  It is impossible to evaluate the Administrative Law Judge's statement when the report itself is not present.

There is, however, another third party function report in the record, that of Phil Walker.  [AR 112-19]  The Administrative Law Judge did not address this third party report at all.  In this Court, the Commissioner argues that the Administrative Law Judge found Plaintiff not credible, and that Mr. Walker's report merely corroborates Plaintiff's position, so "it follows that the ALJ also gave germane reasons for rejecting the third party evidence.  *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)."  Defendant's Memorandum in Support of Answer 8:4-5.  The cases do not support the Commissioner's position.

To begin with, the Commissioner simply cannot ignore third party evidence:

> "[Lay] testimony is competent evidence and 'cannot be disregarded without comment.' *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons 'that are germane to each witness.' *Id.* Further, the reasons 'germane to each witness' must be specific. *Stout* [*v. Commissioner*], 454 F.3d [1050] at 1054 [9th Cir. 2006] (explaining that 'the ALJ, not the district court, is required to provide *specific* reasons for rejecting lay testimony') (emphasis added)."

*Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009). So the Administrative Law Judge could not remain silent; he was required to address the lay evidence. The Court cannot merely assume that, if he *had* addressed the evidence, he both would have found it wanting and would have found it wanting on the grounds that the Commissioner urges in this Court. It is equally plausible that the evidence might have given him second thoughts about Plaintiff herself; if a third party (or, apparently *two* third parties) were witnessing Plaintiff reacting to environmental stimuli in the way that Plaintiff said she was reacting, then perhaps the Administrative Law Judge might have given Plaintiff's statements more credence. Certainly the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006).

The errors discussed here together mean that the Administrative Law Judge's conclusion that Plaintiff did not show a medically severe impairment based on multiple chemical sensitivity was not "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), quoting S.S.R. 85-28. Hence, the case must return to

the Commissioner.  The Commissioner's delegate may find it appropriate, as he pursues the sequential evalaution, to contact Plaintiff's treating physicians further, or to consult with persons who are expert in the field of environmental sensitivity.

The Court's resolution of this matter makes it unnecessary to address other claimed errors, and the Court does not do so.  The matter is remanded to the Commissioner.

IT IS SO ORDERED.


DATED:   November 3, 2011



_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE